UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Freddie Junior Wells, #288363, ) | C/A No. 4:07-2960-HMH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Report and Recommendation |
| Deidre Goodson; W. Vickery Meetze, Esquire; C. Kelly ) | |
| Bogan; Supervisor Chillingburg; and Supervisor David ) | |
| Bird, ) | |
| ) | |
| Defendant ) | |

This matter has been filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges his due process rights have been violated because he has served 5 years, 5 months and 24 days on a five year sentence. Plaintiff alleges this violates the prohibition against cruel and unusual punishment, and violates the 13th amendment's prohibition against involuntary servitude. Plaintiff also alleges he has been "illegally placed on the [community service] program", and maintains this is an *ex post facto* violation.

In 2006 the plaintiff filed a petition pursuant to 28 U.S.C. § 2241 alleging he had completed a five (5) year felony driving under the influence (Felony DUI) sentence and was never sentenced to community supervision. *See* Civil Action No. 4:06-1965-HFF-TER. This Court may take judicial notice of its own files and records. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). In Civil Action No. 06-1965, plaintiff was challenging the one year sentence he received for violating his community supervision. He claimed this was an *ex post facto* violation. Plaintiff also claimed this "false charge" violated his civil rights because it was cruel and unusual punishment. He alleged he had been falsely imprisoned.

Although it wasn't clear from the complaint in Civil Action No.. 06-1965, the defendant's answer to the complaint revealed that the felony DUI charge was a "no parole" violation which subjected the plaintiff to mandatory community supervision upon release. Thus, the Court granted summary judgement for the defendants noting, *inter alia*, that this was a challenge to state law based on state statutes which would not be cognizable in federal court. Additionally, it was determined, based on the merits, that the plaintiff had been convicted of a "no parole" violation which required him to participate in the community supervision program (CSP). Thus, it was also found that the state court could properly sentence him to up to one year for the CSP violations. In addition, since his convictions were proper, no cruel or unusual punishment or false imprisonment claims could proceed, and no *ex post facto* violation was found because the CSP statute was passed in 1996 and the plaintiff was sentenced in 2001. As noted above, plaintiff now raises these same claims in a Section 1983 action.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975). However,

even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

The above-captioned case is subject to summary dismissal for the same reasons the complaint filed in Civil Action No. 06-1965 was subject to summary dismissal. *See Aloe Creme Laboratories, Inc. v. Francine Co., supra*, where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co., supra*, 425 F.2d at 1296. *See also United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992).

In the prior case (06-1965) the Court found that the plaintiff had been released, pursuant to Section S.C. Ann. §24-21-560, to the South Carolina Department of Probation, Parole and Pardon Services (Department), under its statutorily mandated Community Supervision Program (CSP) with an end date of June 29, 2008.

The Court noted that on January 1, 1996, South Carolina's "no parole offense" classification system went into effect. S.C. Code Ann. §24-13-100 to -175 (Supp.2005). As part of the same legislation, Section 24-21-560, noted above, created the CSP to be operated by the Department. That Code Section provided in part that a "no parole offense" must include a term of incarceration and completion of a community supervision program operated by the Department. At the time the plaintiff committed Felony DUI causing death, it was classified as a "B-felony" which was a "no parole offense". Thus, plaintiff was subject to community supervision. When the plaintiff violated the terms of that supervision, the state court properly revoked the prisoner's CSP and imposed a

sentence of up to one year for the CSP violation. Consequently, this Court ruled that, based on South Carolina statutes, plaintiff pleaded guilty to a "no parole offense" and mandatory CSP was part of that sentence. As a result, any claims pertaining to cruel and unusual punishment and false imprisonment were without merit. Additionally, this Court noted that the CSP statute was passed in 1996 and plaintiff was sentenced in 2001. Thus, no *ex post facto* violation was cognizable. Plaintiff raises these same issues in the above-captioned matter, and they fail for the same reasons they failed in Civil Action No. 06-1965.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, *supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n.* (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

s/Thomas E. Rogers, III<br>Thomas E. Rogers, III

Florence, South Carolina United States Magistrate Judge
September 25, 2007

***The plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).